**Jed W. Manwaring ISB #3040**
**Judy L. Geier ISB #6559**
**EVANS KEANE LLP**
**1161 West River Street, Ste. 100**
**P. O. Box 959**
**Boise, Idaho  83701-0959**
**Telephone:  (208) 384-1800**
**Facsimile:    (208) 345-3514**
e-mail:  **jmanwaring@evanskeane.com**

**Attorneys for Defendant**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **In re:**<br>**HOKU CORPORATION,**<br>    **Debtor.** | **Chapter 7**<br>**Case No. 13-40838 JDP** |
| **R. SAM HOPKINS, TRUSTEE,**<br>    **Plaintiff,**<br>    **v.**<br>**CONTINENTAL DISC CORPORATION, a Missouri corporation; and John Does 1 through 10,**<br>    **Defendants.** | **Adv. Proc. 15-08067 JDP** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION TO WITHDRAW REFERENCE**

Defendant has moved Pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a), for the United States District Court for the District of Idaho ("District Court") to withdraw the reference of the above adversary proceeding from the United States Bankruptcy Court for the District of Idaho ("Bankruptcy Court").  Defendant asserts that meritorious grounds exist for

*MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW REFERENCE - 1*

both mandatory and discretionary withdrawal of the reference based upon a Defendant's right to a jury trial and the interpretation of non-bankruptcy statutes alleged by the Trustee.

## HOKU BACKGROUND

In 2007, Hoku Corporation ("HC") incorporated a wholly owned subsidiary, Hoku Materials, Inc. ("HM"), and together began working toward construction of a manufacturing plant in Pocatello, Idaho. The singular effort was to produce polysilicon for the sale and use in the solar industry. Construction stalled in the next years as market prices fell. Financing for the project had been obtained from lending bank entities owned or controlled by the Chinese government and from pre-purchases of product by Chinese businesses. The Chinese lenders withdrew, construction ceased, and separate bankruptcies for HC and HM were filed in bankruptcy court in Idaho on July 2, 2013.

Scores of substantial contractors and suppliers from all over the nation had received some partial or full payment but many were still owed tens of millions of dollars for goods and services delivered. The losses caused substantial hardship to their businesses. Beginning in May 2015 and through July 2, 2015, the Trustee of the parent HC sued 150+ businesses seeking to "claw back" over $600,000,000 from the contractors and suppliers. The Trustee sued claiming "constructive fraud" alleging that the parent, HC was insolvent at the time and paid the contractors and suppliers directly on the subsidiary's debts. Therefore, Trustee alleges there was no "reasonably equivalent value" in exchange for the payments.

A handful of some of the more substantial defendants, including JH Kelly, Industrial Piping, Inc., Idaho Power Co. and others are countering with a Motion for Substantive Consolidation of the two bankruptcy cases. These defendants are alleging that parent HC and subsidiary HM had common lenders, common officers and directors, commingled accounts,

consolidated financial statements, one goal, one operation, such that there was an "identity of interest" making it inequitable to treat the two corporations separately under the law. The formal Motion for Substantive Consolidation was filed on July 27, 2015 and will likely take up to six months to resolve by the Bankruptcy Court.

## ARGUMENT AND AUTHORITIES

### 1. Basics of Bankruptcy Referral and Withdrawal of the Reference.

The federal district court has original and exclusive jurisdiction over all cases under Title 11 pursuant to 28 U.S.C. § 1334(a). The district court has original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11, pursuant to 28 U.S.C. § 1334(b). Under 28 U.S.C. § 157(a), "each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The District Court for the District of Idaho has so referred bankruptcy proceedings to the Bankruptcy Court by the Third Amended General Order No. 38, dated May 1, 1995.

The district court's reference of bankruptcy proceedings to the bankruptcy court may be withdrawn either on a mandatory or permissive basis. 28 U.S.C. § 157(d). Withdrawal is mandatory if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. 28 U.S.C. § 157(d). The withdrawal is permissive based upon cause shown. The withdrawal statute states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires

consideration of both title 11 [the Bankruptcy Code] and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Regarding mandatory withdrawal, the majority of case authorities require a "substantial and material" issue of nonbankruptcy law "not simply whenever non-[Bankruptcy] Code federal statutes will be considered but rather only when such consideration is necessary for the resolution of a case or proceeding."  *In re White Motor Corp.* 42 B.R. 693, 703 (N.D. Ohio 1984).   Some cases require only that a nonbankruptcy statute be invoked.  *See, In re Kiefer,* 276 B.R. 1196 (E.D. Mich. 2002); *Martin v. Friedman*, 133 B.R. 609 (N.D. Ohio 1991).

Regarding permissive withdrawal to determine whether "cause" exists to withdraw the reference, a consideration in this analysis is whether the causes of action asserted are core or non-core.  Courts also look to the following factors: (1) efficient use of judicial resources, (2) delay and costs to parties, (3) uniformity of bankruptcy administration, (4) prevention of forum shopping and other related factors. *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).  A defendant's right to a jury trial constitutes cause for withdrawal of the reference.  *See In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007).

  **2.  Defendant is Entitled to Mandatory Withdrawal of the Reference.**

In the present Adversary Proceeding the Plaintiff Trustee's Complaint, Count One is seeking recovery of allegedly fraudulent transfers relying on the non-bankruptcy federal statute of 28 U.S.C. § 3304.  Count Two of the Trustee's Complaint seeks recovery for allegedly fraudulent transfers under the non-bankruptcy statute of Idaho's Fraudulent Transfer Act including Idaho Code §§ 55-913 and 914.  Both Counts incorporate Bankruptcy Code § 544(b)(1) by which the Trustee claims standing to enforce the non-bankruptcy statutes.  These

non-bankruptcy statutes are not merely a supplementary sidelight, the statutes provide the material and substantive elements on which the Trustee must carry his burden of proof in order to recover. The court must interpret all elements of these non-bankruptcy statutes. The district court "shall" withdraw a proceeding when the resolution of the proceeding requires consideration of both title 11[Bankruptcy Code] and other laws. 28 U.S.C. § 157(d).

### 3. Defendant is Entitled to Permissive Withdrawal of the Reference.

The present Defendant has a constitutional right to a jury trial in defense of the Trustee's allegations of fraudulent transfers. The United States Supreme Court has ruled that defendants to fraudulent transfer allegations brought by a bankruptcy trustee are entitled, under the Seventh Amendment to the US Constitution, to a jury trial when demanded. *Granfinanciera v. Nordberg*, 492 U.S. 33, 56 (U.S. 1989). This Defendant has demanded a jury trial in its Answer and has not consented to have the Bankruptcy Court enter a final judgment. The right to a jury trial satisfies "cause" under 28 U.S.C. § 147(d) for permissive withdrawal of the reference. *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007).

### 4. The Motion to Withdraw is Timely.

This adversary proceeding Complaint was only recently filed with the Answer containing the jury demand even more recently filed. The Bankruptcy Court entered on July 24, 2015 an Order Re Consent to Entry of Final Judgment and Orders and Motions to Withdraw Reference requiring the Motion to Withdraw to be filed within fourteen (14) days of the Order, which time limit has been satisfied. A motion to withdraw is timely so long as it is "made as promptly as possible in light of the developments in the bankruptcy proceeding." *Security Farms*, 124 F.3d at 1007; *Stanbrough v. Valle*, 2012 U.S. Dist. LEXIS 98414, *3 (D. Idaho July 13, 2012). The present Motion to Withdraw has been timely filed within those limits.

Defendant does not request that the withdrawal be immediate because a certain Motion for Substantive Consolidation (*In re: Hoku Corporation*, Case No. 13-40838, Doc. 412) was filed on July 28, 2015 and is under consideration by the Bankruptcy Court. Rather, this Motion to Withdraw Reference is filed to meet the timeliness duty imposed by the Bankruptcy Court but it could simply be stayed at this time. Plaintiff Trustee declined to stipulate to allow a stay to be entered to delay the filing of this Motion to Withdraw. The Motion for Substantive Consolidation being considered by the Bankruptcy Court is potentially dispositive and could render most of these 150+ related adversaries moot and subject to dismissal.

## CONCLUSION

For the above reasons and analysis, the District Court should withdraw the reference of this Adversary Proceeding from the Bankruptcy Court at the appropriate time prior to trial.

DATED this 3rd day of August, 2015.

          EVANS KEANE LLP

          By      /s/ Jed W. Manwaring
          Jed W. Manwaring, Of the Firm
          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August, 2015, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

- **Stephen Kent Madsen**   skmadsen.mayneslaw@gmail.com, rosie.mayneslaw@gmail.com
- **Robert J Maynes**   mayneslaw@hotmail.com, robert.maynes@gmail.com;rosie.mayneslaw@gmail.com;brenda.mayneslaw@gmail.com;maynestaggart@gmail.com;maynestaggartecf@gmail.com
- **Steven L Taggart**   staggart101@gmail.com, rosie.mayneslaw@gmail.com,maynestaggartecf@gmail.com;maynestaggartecf@gmail.com,brenda.mayneslaw@gmail.com

                    ___/s/_Jed W. Manwaring_____
                    Jed W. Manwaring