Robert J. Maynes, ISB No. 6905
Steven L. Taggart, ISB No. 8551
Stephen K. Madsen, ISB No. 6253
**MAYNES TAGGART PLLC**
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: mayneslaw@hotmail.com
       staggart101@gmail.com
       skmadsen.mayneslaw@gmail.com

*Counsel for R. Sam Hopkins, Chapter 7 Trustee*

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | Case No. 13-40838 JDP |
| HOKU CORPORATION, | Chapter 7 |
| Debtor. | |
| R. SAM HOPKINS, Chapter 7 Trustee, | Adversary Case No. 15-08067 JDP |
| Plaintiff, | District Court Case No. 15-08187 BLW |
| vs. | |
| CONTINENTAL DISC CORPORATION, a Missouri corporation; and John Does 1 through 10, | |
| Defendants. | |

**RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW REFERENCE
FILED ON AUGUST 03, 2015**

COMES NOW the Plaintiff, by and through his attorney of record, and pursuant to District Local Rule Civ. 7.1, responds to *Defendant's Motion to Withdraw Reference* (Dkt. No. 1) ("Motion") as follows:

[SPACING IS INTENTIONAL]

RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW REFERENCE
Page 1

## THIS IS NOT A CASE REQUIRING MANDATORY WITHDRAWAL OF THE REFERENCE.

Under 28 U.S.C. § 157(d), a district court must withdraw the reference if there is 1) A timely motion of a party and 2) A determination that "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

### A. The standards for mandatory withdrawal are not met.

Here, the Court is being asked to apply 11 U.S.C. § 544, i.e. that Plaintiff received fraudulent transfers under 28 U.S.C. § 3304 and several applicable Idaho statutes. The plain language of 28 U.S.C. § 157(d) does not require the reference to be withdrawn merely because of the involvement of Idaho law. And, with respect to 28 U.S.C. § 3304, "mandatory withdrawal is required only when those issues require the interpretation, as opposed to the mere application, of the non-title 11 statutes, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *In re Vicars Ins. Agency*, 96 F.3d 949, 954 (7th Cir., 1996). Here, the Plaintiff merely requests application of the facts to 28 U.S.C. § 3304 as required by 11 U.S.C. § 544. Withdrawal is not required.

### B. Issue is not yet ripe.

Further, the Defendant has not requested immediate relief. As such, the issue to withdraw the reference is not yet ripe and the Court should deny relief without prejudice at this time.

[SPACING IS INTENTIONAL]

     **C.    A request for a jury trial does not require an immediate withdrawal of the reference.**

In the 9th Circuit, a request for a jury trial does not require that the Court immediately withdraw the reference. In fact, a bankruptcy court can handle all preliminary matters up to the jury trial. *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir., 2007). The Court should do the same here.

## THE STANDARDS FOR PERMISSIVE WITHDRAWAL ARE NOT MET.

In the 9th Circuit, a district court considers the following factors when making a determination for permissive withdrawal under 28 U.S.C. § 157(d), or "for cause shown":

    1) The efficient use of judicial resources;

    2) Delay and costs to the party;

    3) Uniformity of the bankruptcy administration;

    4) Prevention of forum shopping.

*Security Farms v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir., 1997). District courts are also directed to withdraw the reference if non-core issues predominate over core issues. *Id.*

Each of these factors weighs against withdrawing the reference.

    **I.    The efficient use of judicial resources**

As this Court knows well, it is overloaded. Judge Lodge took senior status on July 3, 2015 and the Judicial Conference of the U.S. Courts has declared a "judicial emergency" in Idaho because of Idaho only retaining a single full-time district judge for the entire District. Adding the burden of this matter would further strain judicial resources and is a misallocation of judicial resources given the existence of two fulltime Idaho bankruptcy judges.

### II.     Delay and costs to the parties

Given the current lack of judicial resources in Idaho, it is expected that the result of will be significant delays in civil trials.[1]  Here, the impact would be to delay consideration of this matter on the merits and boost the costs born by both sides.

### III.    Uniformity of bankruptcy administration

This case is one of more than 150 cases currently before the Bankruptcy Court for the District of Idaho brought by this Trustee in the same bankruptcy. Thus, a withdrawal creates the potential of non-uniformity in decisions between those cases that remain in the bankruptcy court and any case withdrawn back to this Court. Ironically, Defendant has left its primary defense – a motion for substantive consolidation – before Judge Pappas while seeking to withdraw this adversary case back to this Court.  Seeking two decisions before two different courts at the same time is inherently problematic.

### IV.    Prevention of forum shopping

This motion is a blatant attempt to shift the forum from before Judge Pappas.

### V.     Predomination of core or non-core issues

This case involves core issues under the specific statutory language of 11 U.S.C. § 544 and 11 U.S.C. § 548. Such are statutorily core under 28 U.S.C. § 157(2)(H) ("Core proceedings include . . . (H) proceeding to determine, avoid, or recover fraudulent conveyances").  As such, withdrawal is not required under this prong.

---

[1] *See* Betsey Z. Russell, "Federal Courts declare 'judicial emergency' in Idaho", The Spokesman-Review, July 14, 2015 (Professor Carl Tobias: "Tobias predicts long delays for federal court cases in Idaho, particularly civil cases, as criminal cases take precedence."  View at http://www.spokesman.com/stories/2015/jul/14/federal-courts-declare-judicial-emergency-idaho/

RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW REFERENCE
Page 4

## CONCLUSION

In summary, Defendant's Motion does not meet the statutory requirements for withdrawal of the reference or the standards set forth in the relevant 9th Circuit precedence. Respectively, this Court should DENY the Motion.

DATED: August 20, 2015

MAYNES TAGGART PLLC

*/s/ Steven L. Taggart*
STEVEN L. TAGGART
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2015, I filed a copy of the attached document with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

**PARTIES SERVED:**

Jed W Manwaring on behalf of Defendant Continental Disc Corporation
jmanwaring@evanskeane.com, jgeier@evanskeane.com

And as otherwise noted on the Court's Notice of Electronic Filing.

DATED:   August 20, 2015

>   */s/ Steven L. Taggart*
>   STEVEN L. TAGGART