**Jed W. Manwaring ISB #3040**
**EVANS KEANE LLP**
**1161 West River Street, Ste. 100**
**P. O. Box 959**
**Boise, Idaho 83701-0959**
**Telephone: (208) 384-1800**
**Facsimile: (208) 345-3514**
**e-mail: jmanwaring@evanskeane.com**

**Attorneys for Defendant**

**UNITED STATES BANKRUPTCY COURT**

**THE DISTRICT OF IDAHO**

| | |
|---|---|
| **In re:**<br><br>**HOKU CORPORATION,**<br><br>**Debtor.** | **Chapter 7**<br><br>**Case No. 13-40838 JDP** |
| **R. SAM HOPKINS, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CONTINENTAL DISC CORPORATION, a Missouri corporation; and John Does 1 through 10,**<br><br>**Defendants.** | **Adv. Proc. 15-08067 - JDP**<br><br>**Dist. Court Case No. 15-08187-BLW** |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO WITHDRAW REFERENCE**

Defendant submits this reply brief to the Plaintiff's Response to Defendant's Motion to Withdraw Reference.

I. MANDATORY WITHDRAWAL

The Plaintiff does not object on the basis of timeliness. The Plaintiff references that this issue is "not yet ripe" but gives no analysis. The issue is obviously ripe to the Bankruptcy Court as it required that all motions to withdraw be filed within 14 days of its Order.

The only substantive argument made by plaintiff against mandatory removal under 28 U.S.C. § 157(d) is a quote from a 7th Circuit opinion, *In re: Vicars Ins. Agency*, 96 F. 3d 949, 954 (7th Cir., 1996), to the effect that if the non-bankruptcy statute at issue is only being "applied" as opposed to "interpreted," then mandatory withdrawal is not triggered. Plaintiff then concludes that he is only asking to have the non-bankruptcy statute applied, asserting wrongly that mandatory withdrawal is not required.

The Plaintiff's Complaint in its "Count One" cause of action relies on the non-bankruptcy statute of 28 U.S.C. § 3304 as a theory for recovery. Plaintiff fails to address what 28 U.S.C. § 3304 is or does in this lawsuit. Plaintiff is attempting use this statute because its reach back period is supposedly six (6) years as opposed to the four (4) years under the state fraudulent conveyance act. The statute reads as follows:

**§3304. Transfer fraudulent as to a debt to the United States**

(a) **Debt Arising Before Transfer.—**Except as provided in section 3307, a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States which arises before the transfer is made or the obligation is incurred if—

(1)(A) the debtor makes the transfer or incurs the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and

(B) the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation; or

(2)(A) the transfer was made to an insider for an antecedent debt, the debtor was insolvent at the time; and

(B) the insider had reasonable cause to believe that the debtor was insolvent.

(b) **Transfers Without Regard to Date of Judgment**.—

> (1) Except as provided in section 3307, a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether such debt arises before or after the transfer is made or the obligation is incurred, if the debtor makes the transfer or incurs the obligation—
>
> (A) with actual intent to hinder, delay, or defraud a creditor; or
>
> (B) without receiving a reasonably equivalent value in exchange for the transfer or obligation if the debtor—
>
> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.
>
> (2) In determining actual intent under paragraph (1), consideration may be given, among other factors, to whether—
>
> (A) the transfer or obligation was to an insider;
>
> (B) the debtor retained possession or control of the property transferred after the transfer;
>
> (C) the transfer or obligation was disclosed or concealed;
>
> (D) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
>
> (E) the transfer was of substantially all the debtor's assets;
>
> (F) the debtor absconded;
>
> (G) the debtor removed or concealed assets;
>
> (H) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
>
> (I) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
>
> (J) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
>
> (K) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

The first and most obvious interpretation that must be made is whether this adversary presents "a debt to the United States which arises before the transfer is made" to Defendant. What "debt to the United States" is being asserted by the Trustee? When did it arise? A claim for avoidance under the statute can only be brought by the "United States." 28 U.S.C. §3306(a). The United States is not a party to this adversary. That alone is a monumental issue in this adversary requiring interpretation by this Court. How does the Trustee Plaintiff qualify for

standing as to "a debt to the United States?" How did that supposed debt get incurred prior to transfers to the Defendant? When did the debt to the United States arise? Is the Plaintiff Trustee an agent of the United States government?

There are numerous other issues requiring interpretation under 28 U.S.C. § 3304. Should the terms "reasonably equivalent value" have the same interpretation under this statute as it may have under the Bankruptcy Code? What standard or interpretation should be made of the "insolvent" element? Is that the "balance sheet" test? Is it the "unable to pay debts when they come due" test? How do those interrelate if one is present but one is not? What is the interpretation under this act as to the terms of "intent to hinder, delay, or defraud" element? Do the non-exclusive "badges of fraud" analysis apply under this act? There are a myriad of interpretations that must be made by the Court under this statute.

The same litany of interpretation issues exist for the other "non-bankruptcy" statutes of Idaho's "Uniform Fraudulent Transfer Act" including, Idaho Code §§ 55-913 and 914, upon which Plaintiff rests his Count Two cause of action. These non-bankruptcy federal and state acts at issue in this adversary proceeding are the precise reasons for the mandatory withdrawal under 28 U.S.C. § 157(d). The Court should grant withdrawal on that basis alone.

II. PERMISSIVE WITHDRAWAL

The Plaintiff misses the most persuasive present factor or "cause" supporting permissive withdrawal – the Defendant's constitutional right to a jury trial. *See In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007); *Granfinanciera v. Nordberg*, 492 U.S. 33, 56 (U.S. 1989). Bankruptcy Rule 9015(b) does not allow the Bankruptcy Court to conduct a jury trial without the consent of both parties. Plaintiff does not even address the jury trial right of this Defendant. The Bankruptcy Court cannot conduct this jury trial because the Defendant has not consented.

The Plaintiff then briefly addresses the four factors considered in permissive withdrawal: efficient use of judicial resources; delay and costs; uniformity of bankruptcy administration; and preventing forum shopping.

Withdrawal would not cause inefficient use of judicial resources. The Bankruptcy Court can be assigned or referred the pre-trial procedures, and this District Court can then convene the jury for trial. It is the same relationship with the federal magistrates where parties do not consent to the magistrate entering final judgment. The process works smoothly. The procedure assures that the court with the proper expertise and constitutional authority conducts the trial. There is nothing amiss or inefficient about the process. There is no delay or extra costs to the parties by withdrawing the adversary to the District Court for the jury trial as compared to trying to hold the jury trial in Bankruptcy Court and then have the appeal, *de novo* review, or retrial in District Court. To not remove this adversary for the jury trial would in and of itself set up the grounds for a sure appeal or multiple appeals because proper rules and constitutional authorities would not be respected.

The Motion for Withdrawal is not a "blatant attempt" to forum shop as alleged by Plaintiff. (Response p. 4) Making this bald assertion is not appropriate when the rules and case authorities so clearly support the right to file a motion to withdraw the reference. Defendant has a constitutional right to a jury trial which cannot be satisfied in the Bankruptcy Court. Exercising a constitutional right is not forum shopping.

**CONCLUSION**

For the above reasons and analysis, the District Court should withdraw the reference of this Adversary Proceeding from the Bankruptcy Court at the appropriate time prior to trial.

DATED this 27th day of August, 2015.

EVANS KEANE LLP

By________/s/ Jed W. Manwaring___
Jed W. Manwaring, Of the Firm
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August, 2015, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

- **Stephen Kent Madsen** skmadsen.mayneslaw@gmail.com, rosie.mayneslaw@gmail.com
- **Robert J Maynes** mayneslaw@hotmail.com, robert.maynes@gmail.com;rosie.mayneslaw@gmail.com;brenda.mayneslaw@gmail.com;maynestaggart@gmail.com;maynestaggartecf@gmail.com
- **Steven L Taggart** staggart101@gmail.com, rosie.mayneslaw@gmail.com,maynestaggartecf@gmail.com;maynestaggartecf@gmail.com,brenda.mayneslaw@gmail.com

___/s/_Jed W. Manwaring___________
Jed W. Manwaring